**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6273**

_____

COREY DELON GREENE,

           Plaintiff - Appellant,

    v.

KENNETH LASSITER, Director of Prisons, NCDPS, in his individual capacity and official capacity; TIM MOOSE, Chief Deputy Secretary, NCDPS, in his individual capacity and official capacity; TODD ISHEE, Commissioner of Prisons, NCDPS, in his individual capacity and official capacity; SARAH COBB, Deputy Director of Prisons, NCDPS, in her individual capacity and official capacity; BETTY BROWN, Director of Chaplaincy Services, NCDPS, in her individual capacity and official capacity; CHRIS RICH, SRG Coordinator, NCDPS, in his individual capacity and official capacity,

           Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:19-cv-00224-MR)

_____

Submitted:  June 22, 2023                    Decided:  December 13, 2023

_____

Before DIAZ, Chief Judge, RUSHING, Circuit Judge, and KEENAN, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.  Judge Rushing dissents.

_____

Corey D. Greene, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Delon Greene appeals the district court's orders in this 42 U.S.C. § 1983 action granting summary judgment to Defendants on his claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc to 2000cc-5 ("RLUIPA"), and denying his Fed. R. Civ. P. 59(e) motion to alter or amend the judgment.  We vacate and remand.

Greene is a North Carolina state prisoner who adheres to a belief system called Nation of Gods and Earths ("NGE").  In the district court, Greene amended his pro se complaint to specify that NGE "is a God centered culture" that must not be "misconstrued as religion.  This is a central tenet to the culture."  E.R. 239.  The district court interpreted this statement as a binding judicial admission that foreclosed relief under RLUIPA and the First Amendment, entering summary judgment for Defendants on different grounds than they asserted in their motion.

We hold that the district court erred in construing Greene's pro se statement as a relief-foreclosing judicial admission.  Greene's statement wasn't an "intentional and unambiguous waiver[] that release[d] the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law."  *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 347 (4th Cir. 2014) (cleaned up).  To the contrary, Greene has consistently maintained that he asserts rights under RLUIPA and the First Amendment for being denied the ability to practice his faith or belief system, even if NGE eschews the label of "religion." And in RLUIPA, Congress "defined 'religious exercise' capaciously" and "mandated that

3

this concept 'shall be construed in favor of a broad protection of religious exercise.'" *Holt v. Hobbs*, 547 U.S. 352, 358 (2015) (quoting 42 U.S.C. § 2000cc-3).

Our review of the record shows that there may be at least an open factual question about whether NGE qualifies as a religion for RLUIPA and First Amendment purposes, making summary judgment inappropriate. *Cf. Miles v. Guice*, No. 5:13-CT-3193-FL, 2018 WL 505071, at *5 (E.D.N.C. Jan. 22, 2018) (denying defendants' motion for summary judgment and holding that North Carolina prisoner plaintiff established NGE is a religion for RLUIPA and First Amendment purposes); *Coward v. Robinson*, 276 F. Supp. 3d 544, 567 (E.D. Va. 2017) (finding after a bench trial that a prisoner plaintiff proved NGE was entitled to protections under RLUIPA and the free-exercise clause despite rejecting the "religion" label).

We therefore vacate the district court's entry of summary judgment and remand for further proceedings. And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4